**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maribel Zuniga, | No. CV-21-00243-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Gowan Milling Company LLC, et al., | |
| Defendants. | |

This matter is before the Court on the parties' Stipulated Protective Order of Confidentiality ("Stipulation") (Doc. 30) filed pursuant to Fed. R. Civ. P. 26(c). The parties seek to enter a Protective Order, specifically to "protect confidential business and trade secret information, as well as personal and medical information, consistent with the public's right of access to the Court's records and processes." (Doc. 30 at 1.) Upon review, the Court finds good cause exists to protect the parties' confidential and proprietary information and assist the flow of discovery.

Accordingly,

**IT IS ORDERED GRANTING** the Stipulation (Doc. 30).

**IT IS FURTHER ORDERED ENTERING** the following Amended Protective Order:

## PROTECTIVE ORDER

1. This Protective Order shall govern the handling of any information produced or disclosed by any party or non-party (the "<u>Producing Party</u>") in this action to any other party (the "<u>Receiving Party</u>") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action, and all information derived therefrom (all such information shall hereinafter be referred to as "<u>Discovery Material</u>").

2. All Discovery Material designated in the course of this litigation as "Confidential," as that term is defined in Paragraph 3 below, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

**Definitions**

3. "Confidential" shall mean Discovery Material that the Producing Party has a good faith belief contains trade secrets or other confidential or proprietary, medical, commercial or business information. Such information shall only be disclosed to Qualified Persons as defined in Paragraphs 4(a) through (h) below. "Confidential" Discovery Material includes, but is not limited to:

    a.    Private medical information;

    b.    Employee records and information;

    c.    Gowan Milling Company, LLC business and customer information;

    d.    Information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or

    e.    Confidential information of a non-party that the Producing Party is bound

by a separate confidentiality agreement or court order to maintain in confidence.

4. "Qualified Persons" as used herein, means:

    a. Named litigation Counsel of Record for the parties in this action and attorneys and staff working under the direct supervision of such counsel, including paralegal assistants, technical, stenographic and clerical employees ("Counsel of Record");

    b. Any outside experts or consultants, or persons or firms employed to provide litigation support services relating to this litigation (including their support staffs, employees and associates) who are not parties to, employees of any party to, or affiliates of any party to, this litigation, provided that such experts, consultants, persons or firms have first read this Protective Order and have signed a copy of Exhibit A, thereby agreeing to abide by the terms of this Protective Order;

    c. The parties and their principals, management and other personnel necessarily involved in assisting with the preparation and trial of this litigation;

    d. Court personnel in the conduct of their official duties;

    e. Any deposition witness (not already covered by other provisions of this Paragraph 4), at the witness's deposition or in advance of the deposition, provided that such witness has first read the Protective Order and has signed a copy of Exhibit A, thereby agreeing to abide by the terms of this Protective Order;

    f. Any deposition witness (not already covered by other provisions of this Paragraph 4), who has refused to read the Protective Order and to sign a copy of Exhibit A, at the witness's deposition or in advance of the deposition, only with respect to Confidential documents that the witness authored or received. Notwithstanding the deposition witness's refusal to read the Protective Order and to sign a copy of Exhibit A, any party may

designate any deposition testimony with respect to such confidential documents, as Confidential, and any party may seek additional orders or relief from the Court with respect to any such witness who refuses to read the Protective Order and to sign a copy of Exhibit A. If relief is granted with respect to any such witness, which has the effect of requiring the witness to abide by the terms of this Protective Order, that witness may thereafter be treated as if he or she had read the Protective Order and signed a copy of Exhibit A.

    g.    Commercial copying services or litigation support services employed by the parties for the purposes of making copies of documents and deposition testimony, or transcribing or coding the same, for use in connection with this case; and

    h.    Any other person agreed to by the parties in writing who has signed a statement in the form attached as Exhibit A hereto.

### Designation as Confidential

5. The designation as Confidential for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a. In the case of Discovery Material, by affixing the legend "Confidential" to each page containing Confidential information; and

b. In the case of depositions or other pretrial or trial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is Confidential and is subject to the provisions of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as Confidential thereafter. Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in his possession, custody or control, identifying portions of the Transcript as Confidential.

### Use and Maintenance of Confidential Discovery Material

6. Confidential Discovery Material may be used in the course of the trial of this action, in the taking of depositions and in hearings. To the extent that Confidential

Discovery Material is used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Discovery Material.

7. The Receiving Party shall maintain all Confidential Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information. Confidential Discovery Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

### Challenges to Designations

8. At any time after the receipt of any Confidential Discovery Materials or Transcripts, counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded Confidential treatment and the reasons supporting the challenging party's claim. If the parties are unable to agree as to whether the Confidential designation is appropriate, counsel for the Producing Party shall have ten (10) days from the date counsel for the Receiving Party provides written notice of such challenge to move for a supplemental protective order with regard to any Discovery Material or Transcript in dispute. The party seeking a designation as Confidential shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure. If the party seeking designation as Confidential does not seek protection of such disputed Discovery Material or Transcript by filing an appropriate motion with this Court within ten (10) days, then the disputed material shall no longer be subject to protection as provided in this Order. All Discovery Materials and Transcripts that a party designates as Confidential shall be accorded the designated status pursuant to

the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the Confidential status.

### Filing Under Seal

9. Confidential Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation; however, the party using or submitting such Confidential Discovery Material shall seek to file such material under seal pursuant to Local Rule 5.6.

### Inadvertent Production and Disclosure

10. A Producing Party that inadvertently produces Discovery Material without designation as Confidential may retroactively designate the Discovery Material as Confidential by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates numbers and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced without designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed Confidential retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 11, below.

11. In the event of inadvertent disclosure of Confidential Discovery Material to a person that is not a Qualified Person, the party that inadvertently discloses such information shall promptly take all practical steps to retrieve the Confidential information and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Discovery Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

### Return of Discovery Material After Termination

12. After termination of this litigation, including any appeals, the provisions of this

Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Discovery Material and Transcripts for enforcement of the provisions of this Order following termination of this litigation.

13. Within ninety (90) days after the later of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiff and its counsel shall return to Defendants or their counsel all Confidential Discovery Material provided by Defendants and all copies thereof and the Defendants and their counsel shall return to Plaintiff or his counsel all Confidential Discovery Material provided by Plaintiff and all copies thereof. Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Counsel for each party may retain one archival copy of all discovery responses; depositions; exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Discovery Material to the extent it is included in such papers or reflected in that counsel of record's work product.

**Exceptions and Modifications to Protective Order**

14. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

**General Advice and Disclosure by Counsel**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from. rendering advice to his or her client with respect to this litigation and, in the course of doing so, from generally referring to or relying upon his or her examination of Confidential Discovery Material.

---

**IT IS FURTHER ORDERED** that nothing in this Protective Order shall be construed as automatically permitting a party to file documents under seal. A party seeking leave of Court to file a document under seal shall comply with Local Rule of Civil Procedure 5.6 and show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**IT IS FURTHER ORDERED** that the Court retains jurisdiction during and after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the parties.

**Dated this 15th day of April, 2022.**

_____
Honorable John C. Hinderaker
United States District Judge